# SUPERIOR COURT.

## FALL SESSIONS,

## 1852.

---

DOE, Lessee of CHARLES DRAPER *vs.* ROE, and SAMUEL DRAPER.

C. D. being seized by devise of an estate tail in possession, in one moiety of an estate, with a vested remainder in tail in the other moiety, after an estate tail in R. D., had all his interest in the premises sold by the sheriff on judgment and execution; and confirmed the title of the vendee by a deed conveying "all his right and estate" in the devised premises. R. D. afterwards died intestate, leaving a child, which died .without issue, which determined the estate tail in his moiety:—

*Held*—1. That the interest of C. D. in this moiety also passed to the vendee of the sheriff.

2. That, even if it did not, C. D. was estopped by his deed of confirmation, from claiming it.

EJECTMENT. Amicable action. Case stated.

The case was this: Maud Draper died seized of the premises, having devised as follows:—

"Item, I give and devise to my sons, Charles and Ratcliff, the three farms in Cedar Neck, containing about six hundred acres, more or less, to be equally divided between them; but if Charles should die without issue, his part to be the right and property of Ratcliff; and if Ratcliff should die without issue, his part to be the right and property of Charles; and if both should die without issue the whole is to be the right of Alexander; and if Alexander die without issue, the same land is to be the right of Maud and Henry; and if they all die without issue, the said land to be the right and property of my daughter, Sally Heaviloe, to her and her heirs and assigns forever."

The devisees named were all children of the testator. None of them had ever had children at his death.

After the death of Maud Draper, Charles and Ratcliff went into possession. The interest of Charles was sold by the sheriff, on judgment and execution, and bought by the defendant, Samuel Draper. Charles Draper afterwards, by deed, conveyed to Samuel Draper " all his right and estate" in the devised premises. After this, Ratcliff Draper died intestate, leaving one child Rachel Ann Draper, to whom the estate descended. Ratcliff had not docked the estate tail. Rachel Ann married, and died, under age, and without issue; Charles Draper survives.

The questions were :—1. What estate did Rachel Ann Draper take ? 2. If a fee tail, did the estate pass on her death to Charles Draper; or to whom ? 3. If it passed to Charles Draper, is Samuel Draper entitled to it, by force of the sheriff's deed, or of the deed of Charles ?

If Rachel Ann Draper took an estate in fee simple, judgment to be rendered for the plaintiff.

If the court were of opinion that it was an estate tail which passed to Charles Draper on her death, and that the sheriff's deed and the deed of Charles to Samuel, made during Rachel Ann's life time, passed the after acquired estate to Samuel, then judgment to be rendered for him.

But if the court were of opinion that the deeds aforesaid do not convey the after acquired interest to Samuel Draper, then judgment to be rendered for the plaintiff.

*By the Court.*

BOOTH, *Chief Justice.*—Charles Draper was seized and possessed of an estate tail in one moiety; with a vested remainder in tail in the other moiety, to take effect in possession, upon the determination of Ratcliff's estate tail. But as all the right, estate and interest of Charles Draper, *in the devised premises*, were afterwards taken in execution by the sheriff, and by him sold and conveyed to Samuel Draper, the defendant; the plaintiff, Charles Draper, can have no right or title whatever, to any part of said premises.

But suppose the proceedings under the judgment and execution, and the sale and deed by the sheriff, had not the effect to divest the title out of Charles Draper; yet, as he afterwards, by his deed, executed upon a sufficient consideration, " *sold and released all his right and estate in the said devised premises,*" to Samuel Draper, he

is now estopped by that deed, from setting up any claim or title to the premises in question, against the defendant.

The death of Rachel Ann Draper without issue, had no other effect than to determine the estate tail devised to her father, Ratcliff; and to vest in possession, the remainder in tail limited to Charles, in the share of Ratcliff; the right to the possession of which, upon the death of Rachel Ann, passed to Samuel Draper, the defendant.

Judgment for defendant.